González Román, Juez Ponente
*1026 -TEXTO COMPLETO DE LA. SENTENCIA
El 15 de agosto de 1994 la parte demandada-apelante presentó escrito de Apelación solicitando la revocación de la Sentencia del entonces Tribunal de Distrito, hoy Tribunal de Primera Instancia, Sub-sección de Distrito, dictada el 12 de abril de 1994 y notificada el 6 de julio siguiente. Luego de varios incidentes procesales, el 13 de abril de 1995 el Tribunal de Primera Instancia, Sala Superior de San Juan, ordenó el traslado del caso a este tribunal para su solución toda vez que con la aprobación de la Ley de la Judicatura de Puerto Rico de 1994, la competencia nos corresponde.
Considerado el expediente del caso, la petición, así como la oposición a la apelación y la transcripción de la vista celebrada, procedemos a confirmar la sentencia emitida por el Tribunal de Primera Instancia. Veamos los hechos pertinentes del caso y el señalamiento de error que hace la demandada-apelante.
I
Empresas Toledo, Inc. presentó demanda en cobro de dinero contra H. M. Development para reclamar la suma de CINCO MIL DOLARES ($5,000) por los servicios de limpieza de un solar propiedad de la demandada-apelante, localizado en Amelia Industrial Park en el Sector Buchanan de San Juan, Puerto Rico. Reclamó, además, las costas, gastos y MIL QUINIENTOS DOLARES ($1,500) por concepto de honorarios de abogado. Por su parte la demandada-apelante reconvencionó, alegando que la demandante-apelada no había finalizado la labor contratada, lo que evitó que pudiera disponer del solar tal y como lo había planificado. Alegó además, que ante el incumplimiento, tenía derecho a contratar un tercero para completar el trabajo y por lo tanto, a descontar de la cantidad contratada el importe de la labor del tercero.
Luego de celebrada la vista en su fondo y habiendo tenido la oportunidad de escuchar el testimonio de cuatro testigos, el tribunal dictó sentencia. Declaró con lugar la demanda, condenando a la parte demandada a pagarle a la parte demandante la suma de CINCO MIL DOLARES ($5,000), intereses al 7% anual desde el 1 de febrero de 1993, las costas y QUINIENTOS DOLARES ($500) en concepto de honorarios de abogado.
Inconforme con lo dictaminado por el tribunal, la demandada-apelante presentó el recurso de apelación, en el que solicita la revocación de la sentencia dictada basado en que "erró el Honorable Juez Carlos Dávila del Tribunal de Distrito, Sala de San Juan en la apreciación de la prueba al declarar con lugar la demanda, a pesar de existir evidencia en autos sobre la forma y manera que debió haber quedado el solar propiedad de los demandados lo qué resultó en el incumplimiento de contrato por los demandantes
En la vista celebrada ante el Tribunal de Primera Instancia se presentó una Orden de Compra, la cual constituye el documento donde se estableció el concepto del contrato y el precio acordado por las partes. Sin embargo, nos limitaremos a señalar que el mismo es muy parco,, menciona la limpieza del solar, pero no especifica los trabajos que tal limpieza conlleva. En vista de ello, nos vemos forzados a recurrir a examinar los testimonios de.las partes que contrataron el servicio y así poder determinar si se incurrió en el error señalado.
*1027 La intención de las partes contratantes es criterio cardinal al momento de fijar el alcance de las obligaciones contractuales. En nuestra jurisdicción, la interpretación de un contrato conlleva el reconstruir el sentido de una negociación para conseguir los efectos deseados por las partes, Ramírez, Segál & Látimer v. Rojo Rigual, 89 J.T.S. 10. Para determinar cuál fue " [IJa intención de los contratantes deberá atenderse principalmente a los actos anteriores a la contratación", Artículo 1234 del Código Civil, 31 L.P.R.A. see. 3472. Unisys v. Ramallo, 129 D.P.R. _, 91 J.T.S. 69. La intención puede demostrarse por varios medios, tales como actos coetáneos, posteriores y anteriores al contrato y por circunstancias indicativas de la voluntad de las partes en la fase de confección o gestación de la relación contractual.
Un examen cuidadoso de los testimonios vertidos en sala revelan que el Tribunal de Primera Instancia hizo una correcta interpretación de los acuerdos habidos entre las partes y que por lo tanto procede la acción de cobro de dinero, según dispuso dicho tribunal. Definitivamente, ese foro dió mayor crédito a las declaraciones de los testigos de la demandante-apelada.
El Sr. Felipe G. Toledo, Presidente de Empresas Toledo, Inc., testificó que cuando se formalizó el acuerdo sobre el trabajo de limpieza a llevarse a cabo en el solar objeto de esta controversia, se incluyeron dos opciones y dos precios; es decir, limpieza de maleza y botar la misma por CINCO MIL DOLARES ($5,000). Se acordó que si las pilas de tierra eran altas, se regarían las mismas en el solar por el precio acordado. No obstante, si las pilas eran de piedras, el cargarlas en camiones y botarlas costaría QUINCE MIL DOLARES ($15,000) (págs. 21 y 30 de la Transcripción de la Evidencia), lo cual quedó corroborado con los testimonios del señor Tamayo y el propio señor Orlandi. Es curioso observar que en el testimonio del Sr. Orlandi, Gerente de Operaciones de la empresa H. M. Development, se reveló, a preguntas en torno a quién tomó la decisión sobre las dos opciones, que: "Cuando el me da a mí esas dos opciones yo tengo que llevarlas a mi jefe inmediato, o sea, al Sr. Héctor Martínez Franco, entonces le explico lo que el señor me había explicado, entonces éste me dijo: Okey, pues vamos a hacer la limpieza del solar, pero la de 5 mil dólares." ¿Cómo es posible que, conociendo que había dos opciones y dos precios, uno de los cuales difería del otro por la remoción de piedras, el señor Orlandi pudiera contestar que él entendía que las piedras se podían "regar en el piso" por el mismo precio de cinco mil dólares? (pág. 39 T. E.) Más adelante él testificó (pág. 40 de la T. E.) que cuando habló de limpiar el solar incluía "llevarse el malojillo, la hierba y llevarse todo eso de ahí, todo por los $5,000”.
Debemos tener presente que el aspecto de credibilidad a los testigos es un factor determinante en la decisión del Tribunal. No debe ser nuestra función, a nivel apelativo, pasar juicio sobre la credibilidad de los testimonios ofrecidos en el foro de instancia. No somos dados a sustituir el criterio del juzgador —ante quien declararon los testigos y quien tuvo la oportunidad de apreciar su comportamiento— por nuestro propio criterio. Ramos Acosta v. Caparra Dairy, Inc., 113 D.P.R. 357 (1982). En este caso los representantes de ambas partes ofrecieron su versión sobre los términos del contrato y el Tribunal asumió su posición a base del crédito que les mereció sus testimonios. Nuevamente nos remitimos a la totalidad de la transcripción de la evidencia y estimamos que la apreciación que hizo el Tribunal de Primera Instancia es la correcta. Reiteradamente se ha dicho que la apreciación de la prueba por el foro de instancia debe prevalecer, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, de lo contrario estaríamos usurpando las funciones adjudicativas de dicho Tribunal. Gallardo v. Petiton, 133 D.P.R. , 92 J.T.S. 158; Rivera Pérez v. Cruz Corchado, 119 D.P.R. 8 (1987); Morán Simó v. Gracia Cristóbal, 106 D.P.R. 155 (1977).
Por los fundamentos antes señalados se confirma la sentencia apelada.
NOTIFIQUESE. *1028 Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General